UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| GARY RILES, ET AL | CONSOLIDATED<br>CIVIL ACTION NO. 06-0634 |
| versus | JUDGE WALTER |
| STEVENS TRANSPORT, INC., ET AL. | MAGISTRATE JUDGE HORNSBY |

# REPORT AND RECOMMENDATION

**Introduction**

Deltrice Riles ("Riles") was driving a Kenworth truck westbound on I-20 near Shreveport when an eastbound Kenworth truck driven by Robert Leggett allegedly crossed the median and struck Riles' truck head on. Both drivers died. Riles' father (Gary) and three of Riles' siblings (Titamus, Ryan and Syretta) filed a "Petition for Wrongful Death" in the state district court in Caddo Parish, Louisiana. Gary Riles appeared individually and as administrator of the estate of his deceased son.

The case was removed based on an assertion of diversity jurisdiction. Plaintiffs have moved to remand on the grounds that (1) all served defendants did not timely join in the removal and (2) the plaintiff administrator of the Riles estate shares Mississippi citizenship with the defendant administrator of the estate of Robert Leggett. For the reasons that follow, it is recommended that the motion to remand be denied and that the court, sua sponte, dismiss all claims asserted by Gary Riles in his capacity as administrator of his son's estate.

**Rule of Unanimity; Separate Notices of Removal**

The first issue is whether all relevant defendants timely and properly consented to the removal. The "Rule of Unanimity" requires that all then-served defendants join in a notice of removal or timely file a written consent to the removal. Farias v. Bexar County Board of Trustees, 925 F.2d 866, 871 (5th Cir. 1991). The time for submitting such written consent is the 30-day removal period that commences when the first defendant is served. Getty Oil Corp. v. Insurance Co. of N. America, 841 F.2d 1254, 1263 (5th Cir. 1988). The rule does not require that all served defendants actually sign the notice of removal, but there must be "some timely filed written indication from each served defendant, or from some person or entity purporting to formally act on its behalf in this respect and to have the authority to do so, that it has actually consented to such action." Getty, 841 F.2d at 1262, n. 11. See also Gillis v. Louisiana, 294 F.3d 755, 759 (5th Cir. 2002).

The named defendants in this case are Alisa Leggett in her capacity as the administrator of the estate of Robert Leggett, Leggett's employer Stevens Transport, Inc. ("Stevens"), and two unknown or fictitious insurance companies identified only as ABC Insurance Company. Also named as a defendant is Great American Insurance Company ("Great American"), which Plaintiffs allege paid death benefits to a "third party who had no entitlement to same" when the payments should have been delivered "to the wrongful death beneficiaries of Deltrice Riles . . . ." Petition, ¶¶ 17 & 18.

Defendants do not concede the validity of service on them, but they have not mounted any express challenge to the effectiveness of service. It will be assumed for current purposes that all service reported in the briefs and notices was valid.

Service was made on Great American on March 21, 2006. That first service on a defendant triggered the 30-day removal period, which would expire on April 20, 2006 (a weekday). Great American filed a timely notice of removal on April 18, 2006. Great American's notice did not include the joinder or consent of any other defendant. The consent of defendants Stevens and Leggett was, however, required by the rule of unanimity because both had been served ten days earlier, on April 8, 2006, by long arm service. The removed civil action was assigned case number 06 CV 0634.

Stevens and Leggett filed their own notice of removal the next day, April 19, 2006. The notice includes a representation in paragraph 11 that counsel has conferred with a representative of Great American, that Great American consents to the removal, and that Great American would later file a written consent. Stevens and Leggett did not, however, file their notice as a mere indication of consent or an amendment or other pleading within the existing civil action. Rather, they paid a $350 filing fee and submitted a new civil cover sheet that, in the space provided for description of related cases, did not mention the removal effected by Great American one day earlier. Accordingly, the clerk treated the second notice of removal like a new civil action and assigned it case number 06 CV 0653. Great American

did later file written consent to this second removal, but its April 25, 2006 filing is of no moment because it came after the removal period ended on April 20, 2006.

Great American timely filed, on the April 20 deadline, an amendment to its notice of removal in 06 CV 0634 to add an assertion that counsel for Great American had contacted counsel for Stevens and Leggett and "determined that neither co-defendant objects to the filing of this removal." Doc. 8, ¶ 19. But mere lack of objection is not the same as joinder or consent. Even more direct representations of consent have been held inadequate to satisfy the rule of unanimity. In <u>Getty Oil Corp.</u>, <u>supra</u>, the removing defendant represented that his co-defendant "do[es] not oppose and consent[s] to this Petition for Removal." The Fifth Circuit held that the representation was not sufficient because the removing party did not indicate that it had formal authority to represent to the court that the co-defendant consented to removal. <u>Getty</u>, 841 F.2d at 1262, n. 11. <u>See</u> <u>also</u> <u>Hammonds v. Youth for Christ USA</u>, 2005 WL 3591910 (W.D. Tex. 2005) (finding insufficient a statement that, "We have conferred with counsel for [the other defendant] and they are in agreement with this removal.")

Each of the two notices of removal, standing alone, is procedurally defective for lack of compliance with the rule of unanimity. But the two notices, taken together, present this court with timely, express written consent from each served defendant to removal of the single state-court action. Great American timely expressed its consent in its notice of removal, and Stevens and Leggett expressed their consent to removal when they filed their

own timely notice of removal one day later. It is due only to a lack of communication between the parties that the assignment of two civil action numbers to this single, removed lawsuit resulted. (The actions have since been consolidated.) Such lack of communication is not uncommon in the fast moving removal period when a served defendant is often unsure if or when his co-defendants were served and, if so, who (if anyone) represents the co-defendants.

Plaintiffs argue that the first removal was defective and that the second removal should be ignored as void because, by the time the second notice was filed, there was no longer a state court case to remove. Defendants respond with authority such as <u>Shaffer v. Northwestern Mutual Life Ins. Co.</u>, 394 F.Supp.2d 814, 819-20 (N.D. W.Va. 2005) in which defendants filed separate notices of removal that were assigned different civil action numbers. The court found that the separate notices of removal, each filed within the 30-day period, were sufficient to comply with the rule of unanimity. That is a logical result that affords due respect for the substantive requirement of the rule of unanimity and avoids allowing a non-prejudicial procedural step to override the timely, written, express consent of all served defendants.

Plaintiffs, though given an opportunity to reply, have not cited any authority that would require the court to ignore the second notice of removal merely because it was filed under a separate civil action number. There is no doubt that the removal would be proper if Stevens and Leggett had filed a mere written consent to removal in the civil action

commenced by Great American. The filing of an independent notice of removal is equally if not more indicative of their consent to removal. The filing of that indication of consent under a different civil action number, now consolidated with this case, complied with the rule of unanimity. This court received timely filed written indication from each defendant or an attorney formally acting on its behalf that each defendant consented to removal of the state court lawsuit.

In the alternative, it is appropriate for the court to exercise its authority under F.R.C.P. 60(a) to correct clerical mistakes in the record and treat the notices of removal as if they were filed under the same civil action number. Stevens and Leggett, had they known of Great American's removal filed the day before, would almost certainly have filed their notice of removal or other written consent under the case number assigned to that first notice of removal. The court may use Rule 60(a) to correct such "mindless mechanistic mistakes" that do not affect the substantive rights of the parties. <u>Sherrod v. American Airlines, Inc</u>., 132 F.3d 1112, 1117 (5th Cir. 1998).

In <u>Sherrod</u>, the court faced a motion to remand that the plaintiff incorrectly filed in a related case that she had filed and that had also been removed. The district court later consolidated the cases and ruled on the motion despite it being filed in the wrong case. The Fifth Circuit held that it was appropriate for the district court to, pursuant to Rule 60(a), treat the motion as if it were filed under the proper docket number. Absent that action, the motion would have been untimely, and the procedural objection to removal would have been waived.

Instead, the objection was preserved, and the Fifth Circuit held that the motion to remand should have been granted. It is appropriate in this case for the court to deem the notice of removal filed by Stevens and Leggett to be filed and effective within the civil action commenced by Great American. That action would place timely, express, written consent of each served defendant under the heading of one civil action number and unquestionably satisfy the rule of unanimity.

**Diversity of Citizenship**

    **A. Introduction**

The next issue is whether there is complete diversity of citizenship. Gary Riles is the father of the deceased Deltrice Riles. He, like two of the three siblings of the deceased who are plaintiffs, is a citizen of Georgia. The third sibling is a citizen of Florida. No named defendant is alleged to be a citizen of Florida or Georgia, so there would appear to be diversity. But Gary Riles is listed in the opening sentence of the petition as appearing "Individually, and as Administrator of" his late son's estate. He is also described in paragraph 3 of the petition as the duly appointed administrator of the estate that has been opened in Mississippi.

For diversity purposes, the legal representative of the estate of a decedent is deemed to be a citizen of the same state as the decedent. 28 U.S.C. § 1332(c)(2); <u>Acridge v. Evangelical Lutheran Good Samaritan Soc</u>., 334 F.3d 444, 447-48 (5th Cir. 2003). Plaintiffs allege that the deceased Riles was a citizen of Mississippi, thus deeming Gary Riles (in his capacity as administrator) a citizen of Mississippi. That would destroy diversity because Mr.

Leggett's succession representative, a defendant, is also deemed to be a citizen of Mississippi.

The parties have conducted extensive discovery and thoroughly briefed the rules regarding the acquisition and change of domicile. The evidence tends to show that Riles grew up in Georgia and became a long haul truck driver. He married, and the couple bought a home in Nevada. Riles and his wife later divorced, and Riles left Nevada before his death. Defendants submit evidence to suggest that Riles had returned to and perhaps formed a domicile in Georgia and intended to work there in a family business. Plaintiffs urge that Riles had become engaged to a woman in Jackson, Mississippi and had established a new domicile in that state shortly before he died. That issue need not be resolved because Riles' succession representative has not asserted a viable cause of action, was improperly joined as a plaintiff, and may be ignored for diversity purposes.

**B. Improper Joinder of a Plaintiff**

The fraudulent joinder doctrine, which the Fifth Circuit in Smallwood, infra renamed improper joinder, is most often invoked in an argument that the court should ignore the citizenship of a non-diverse or in-state *defendant* when there is no reasonable basis for the court to predict that the plaintiff might be able to recover against that defendant. See Salazar v. Allstate Texas Lloyd's, Inc., 455 F.3d 571 (5th Cir. 2006). Several courts have recognized that the doctrine is equally applicable to allow the court to ignore the citizenship of a *plaintiff* who has no viable claim. Guillot v. Credit Suisse Boston, L.L.C., 2005 WD 2037372, *5 (E.D. La. 2005); Miller v. Home Depot, USA, Inc., 199 F.Supp.2d 502, 508

(W.D. La. 2001) (Trimble, J. and Wilson, M.J.); and Elk Corporation of Texas v. Valmet Sandy-Hill, Inc., 2000 WL 303637, *2 (N.D. Tex. 2000). Otherwise, a plaintiff could easily prevent removal by joining a fellow plaintiff who shares domicile with a defendant, no matter how meritless the fellow plaintiff's asserted claim.

The test for assessing fraudulent or improper joinder of a defendant is whether the removing defendants have demonstrated that there is no possibility of recovery by the plaintiff against the in-state or non-diverse defendant. Stated differently, the question is whether there is no reasonable basis for the court to predict that the plaintiff might be able to recover against the in-state or non-diverse defendant. Salazar, 455 F.3d at 574, citing Smallwood v. Ill. Cent. R.R, 385 F.3d 568 (5th Cir. 2004) (en banc), cert. denied, 125 S.Ct. 1825 (2005). In the context of this case, therefore, the question is whether the removing defendants have demonstrated that there is no possibility of recovery or reasonable basis for the district court to predict recovery by Gary Riles in his capacity as the administrator of the estate of Deltrice Riles.[1]

---

[1] Defendants sometimes argue that a plaintiff has been improperly joined not because he has no viable cause of action but because his claim is not sufficiently related to the other plaintiffs' claims to permit joinder under state *procedural* rules. In such cases, joinder is improper even if the mis-joined plaintiff has a substantively meritorious claim against the defendants. See Crockett v. R J. Reynolds Tobacco Co., 436 F.3d 529, 533 (5th Cir. 2006) citing Tapscott v. M. S. Dealer Serv. Corp., 77 F.3d 1353 (11th Cir. 1996). That procedural form of improper joinder is not at issue in this case.

### C. Riles Estate Administrator Was Improperly Joined

The petition, in the same paragraph that identifies the administrator as a plaintiff, makes clear: "This lawsuit is brought under the provisions of the wrongful death and survival acts of the State of Louisiana." Petition, ¶ 3. The pleading later specifies the relevant Civil Code articles as 2315.1 and 2315.2. Those articles provide the specially designated classes of beneficiaries for the pursuit of wrongful death and survival actions. One class of beneficiary is exclusive of the lower classes identified in the articles. Rainey v. Entergy Gulf States, Inc., 885 So.2d 1193, 1196 (La. App. 1st Cir. 2004). The classes are ranked as (1) surviving spouse and any children, (2) surviving parents, (3) surviving siblings, and (4) surviving grandparents. Article 2315.1(B) adds that the deceased's succession representative has a right to bring a survival action to recover all damages for injury to the deceased or his property but only "in the absence of any class of beneficiary set out in Paragraph A." There are alleged to be surviving beneficiaries of two classes (parent and siblings) set out in Paragraph A, so the causes of action for survival and wrongful death rest, individually, with the person(s) in the highest ranking class. There is no grounds for recovery by the estate of the decedent.

Furthermore, the proceeds of a survival action, though based on damages suffered by the deceased prior to his death, do not pass through the succession or probate process if there exists a surviving relative who bring the claim under Article 2315.1(A). Rainey, 885 So.2d at 1202. The surviving relative pursues the cause of action created in favor of him, personally, and he may not sue in a representative capacity when the estate of the decedent

is not within the class of designated beneficiaries. Pilgrim Bank v. Imperial Fire & Casualty Ins. Co., 2006 WL 1228947, *3 (W.D. La. 2006) (Little, J.). There is some room for debate about whether Louisiana law affords a succession representative a right to the proceeds of a tort suit that the deceased filed before his death, but there appears to be agreement that the beneficiaries designated by Article 2315.1 have the exclusive right to bring and collect the proceeds of a survival action that, like this one, is filed after the death of their relative. See Warren L. Mengis, The Article 2315.1 Survival Action: a Probate or Non-Probate Item, 61 La. L. Rev. 417 (2001); Jason R. Johanson, Common Law "Intervention": the Rights of Successors and the Uneasy History of Louisiana's Survival Action, 77 Tul. L. Rev. 737 (2003). Accordingly, there is no reasonable possibility of recovery by the Giles estate or its administrator for the survival and wrongful death claims at issue in this case.

The petition includes a separate claim against Great American for wrongful payment of insurance proceeds, but a review of those allegations shows that the administrator of the Riles estate has no reasonable possibility of recovery under that claim. The petition alleges that the Great American policy "provided coverage to the *wrongful death beneficiaries* of Deltrice Riles upon the event of his death ... ." Petition, ¶ 17 (emphasis added). The wrongful death beneficiaries, as explained above, do not include the estate of the deceased. "It is well-settled in Louisiana that the proceeds of life insurance, if payable to a named beneficiary other than the estate of the insured, are not considered to be a part of the estate of the insured." Fowler v. Fowler, 861 So.2d 181, 184 (La. 2003), quoting T.L. James & Co. v. Montgomery, 332 So.2d 834, 847 (La.1975).

There are generic assertions in the petition that the insurance claim is on behalf of "plaintiffs," without specificity, but there is no allegation that the estate was a named beneficiary on the policy or that the estate, as opposed to the individual surviving relatives, was entitled to receive benefits under the policy. Furthermore, paragraph 3 of the prayer of the petition asks for judgment with respect to the Great American claim, and it includes no suggestion that the estate or administrator is entitled to judgment on the claim. Rather, judgment is prayed for in favor of "Gary Riles, Titamus Howard, Ryan Riles and Syretta Rene Riles, and against Great American Insurance Company, for such damages as are reasonable for the wrongful payment of insurance proceeds, as set forth hereinabove." It is also worth noting that the other paragraphs of the prayer request damages in favor of "Gary Riles, individually, along with [the other individual plaintiffs]", but there is no request anywhere in the five-paragraph prayer for a judgment in favor of Gary Riles in his capacity as administrator of the estate. The lack of a prayer does not preclude the granting of relief, but it is another indication that there is no viable claim asserted by the administrator.

**Conclusion; Dismissal of Administrator's Claims**

All defendants timely filed with the court written consent to the removal of the state-court suit. That the consent is set forth in separate notices of removal that were assigned separate civil action numbers, before consolidation, does not present a procedural defect that requires remand. The court also has subject matter jurisdiction based on diversity of citizenship. The administrator of the estate of Deltrice Riles has no reasonable basis for recovery on any claim asserted in the petition, so the possible Mississippi citizenship of the

There are generic assertions in the petition that the insurance claim is on behalf of "plaintiffs," without specificity, but there is no allegation that the estate was a named beneficiary on the policy or that the estate, as opposed to the individual surviving relatives, was entitled to receive benefits under the policy. Furthermore, paragraph 3 of the prayer of the petition asks for judgment with respect to the Great American claim, and it includes no suggestion that the estate or administrator is entitled to judgment on the claim. Rather, judgment is prayed for in favor of "Gary Riles, Titamus Howard, Ryan Riles and Syretta Rene Riles, and against Great American Insurance Company, for such damages as are reasonable for the wrongful payment of insurance proceeds, as set forth hereinabove." It is also worth noting that the other paragraphs of the prayer request damages in favor of "Gary Riles, individually, along with [the other individual plaintiffs]", but there is no request anywhere in the five-paragraph prayer for a judgment in favor of Gary Riles in his capacity as administrator of the estate. The lack of a prayer does not preclude the granting of relief, but it is another indication that there is no viable claim asserted by the administrator.

**Conclusion; Dismissal of Administrator's Claims**

All defendants timely filed with the court written consent to the removal of the state-court suit. That the consent is set forth in separate notices of removal that were assigned separate civil action numbers, before consolidation, does not present a procedural defect that requires remand. The court also has subject matter jurisdiction based on diversity of citizenship. The administrator of the estate of Deltrice Riles has no reasonable basis for recovery on any claim asserted in the petition, so the possible Mississippi citizenship of the

deceased Riles (imputed to his succession administrator) may be ignored pursuant to principles of fraudulent or improper joinder.

The additional step of dismissing all claims asserted by the improperly joined administrator of the Riles estate is warranted. A finding of improper joinder is tantamount to dismissing the claims by or against the party who was fraudulently joined. See Carriere v. Sears, Roebuck & Co., 893 F.2d 98, 102 (5th Cir. 1990)("summary judgment will always be appropriate in favor of a defendant against whom there is no possibility of recovery"). And "[a] district court may dismiss an action on its own motion under Rule 12(b)(6) as long as the procedure employed is fair." Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998). This procedure is fair because the defendants' response to the motion to remand put Plaintiffs on notice that the administrator's claims were under attack. Plaintiffs had an opportunity to respond and did at Doc. 32, page 3, but the administrator failed to articulate a viable claim. This Report and Recommendation provides yet another notice and opportunity to respond to the possible dismissal of the estate's asserted claim. See Magouirk v. Phillips, 144 F.3d 348, 359 (5th Cir. 1998) (sua sponte invocation of defense in Report and Recommendation satisfied due process).

Accordingly,

**IT IS RECOMMENDED** that the **Motion to Remand (Doc. 13)** filed in 06 CV 0634 and the similar **Motion to Remand (Doc. 15)** filed in member case 06 CV 0653 be **denied**.

**IT IS FURTHER RECOMMENDED** that the court, *sua sponte*, **dismiss with prejudice** all claims asserted by Gary Riles in his capacity as administrator of the estate of Deltrice Riles.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b). A party may respond to another party's objections within ten (10) days after being served with a copy thereof. Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 10 days after being served with a copy, shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

THUS DONE AND SIGNED at Shreveport, Louisiana, this the 19th day of October, 2006.

MARK L. HORNSBY
UNITED STATES MAGISTRATE JUDGE